IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                    No. 08-40048-01-SAC

RAUOU LURAN ROBERTS,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Rauou Luran Roberts's motion to have the court reconsider its prior order denying his motion to suppress. (Dk. 25). Citing and attaching an unpublished opinion, *United States v. Easterline*, 2008 WL 2893819 (10th Cir. Jul. 29, 2008), the defendant summarily argues this decision should move the court to reject its earlier conclusion that the search warrant affidavit provided probable cause. As quoted in defendant's brief, the panel in *Easterline* observed there: "The fact drugs were discovered in Counts' vehicle does not necessarily provide a nexus with his residence." 2008 WL 2893819 at *4. Not quoted or mentioned in the defendant's brief is that the *Easterline* panel also found the affidavit for the search warrant included additional information as to "provide the nexus necessary to establish a fair

probability that evidence of illegal drugs will be found at Counts' residence."
*Id.*

The observation quoted from *Easterline* is really no more than a fact specific application of the following rule quoted in this court's prior order:

> "Probable cause to search a person's residence does not arise based solely upon probable cause that the person is guilty of a crime. Instead, there must be additional evidence linking the person's home to the suspected criminal activity."

(Dk. 24, p. 23) (quoting *United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998)). In observing that drugs in a vehicle do "not necessarily provide a nexus with" a residence, the *Easterline* panel is simply acknowledging that a defendant's commission of criminal activity in a vehicle may not be enough to link the defendant's residence with the criminal activity. In other words, there must be something about the criminal activity or some other evidence from which to infer a link between the criminal activity and the residence. The court followed this very approach in its prior order.

In upholding the sufficiency of the warrant affidavit, the court did not assume marijuana would be found in the defendant's residence simply because marijuana was found in the car. Instead, the court drew

2

reasonable inferences from information in the affidavit that established the fair probability of drug evidence being found in the defendant's residence. Surveillance established that the car was parked outside the defendant's residence. The defendant left his residence in the car and made no stops before officers conducted the investigatory detention and found the defendant in possession of the marijuana. The geographic proximity between the car and the residence and the defendant's direct movement from the residence to the car without any intervening stops provides a direct and uninterrupted link between the residence and the car. The question of "nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988), *cert. denied*, 448 U.S. 1031 (1989). Based on condition of the marijuana and the accompanying paraphernalia, the normal inference here is that the defendant transported it for his personal use. Nor is there anything to question the likelihood of the defendant carrying the marijuana from his residence where he also was using it and keeping additional supplies of it. Finally, the court inferred that the defendant took steps to prevent officers from knowing his residence

3

once it become apparent to him that he could be the target of a police investigation. The court remains convinced the affidavit provided probable cause to believe the defendant had additional contraband in his home.

The defendant's cited authority does not impact the court's analysis on the alternative ground of the officer's good faith reliance on the warrant. Although the affidavit is weak, it establishes "a minimally sufficient nexus between the illegal activity and the place to be searched." *United States v. Gonzales*, 399 F.3d 1225, 1230 (10th Cir. 2005) (quoting *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir.), *cert. denied*, 543 U.S. 851 (2004)). The affidavit here provides some factual basis connecting the defendant's residence to his possession of the marijuana. Consequently, the warrant is not so lacking in the indicia of probable cause as to render the officers' reliance on it entirely unreasonable.

IT IS THEREFORE ORDERED defendant's motion to reconsider (Dk. 25) is granted only insofar as the court has reviewed the cited authority and argument, but the motion is denied in all other respects.

Dated this 9th day of September, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge